IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IRIS HAWK, # M-32092, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-694-GPM |
| | ) |
| VIENNA CORRECTIONAL CENTER, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff is currently incarcerated at Vienna Correctional Center ("Vienna"), where he is serving two four-year sentences for drug offenses. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, seeking redress for violations of his rights which he claims have occurred during his confinement at Vienna.

Plaintiff states that he was sent to Vienna on October 31, 2012. He was initially housed in Building 19, then sent to a different housing unit, but was returned to Building 19 in July 2013. His statement of claim includes a string of legalese and nonsensical statements that appear to be copied from other prisoner complaints filed recently in this Court. However, he also alleges that he is being exposed to asbestos from overhead pipes, that the unit has too few toilets for the number of inmates housed there,[1] there is black mold in the showers, water leaks in the restroom ceiling, and that the toilets splash water out of the bowl when flushed and overflow daily (Doc. 1, p. 5). There is black mold in the living quarters, and water from the showers leaks into the dayroom where Plaintiff has to walk in it daily. The unit is infested with bugs and

---

[1] Plaintiff states the second floor of Building 19 has two toilets for 100 inmates, and the third floor has three toilets for 104 men. He does not say on which floor he is currently housed.

spiders which bite Plaintiff, and mice and rats which get into his property and eat his food and clothes. These conditions put his health at risk.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. Although Plaintiff's statement of claim contains sufficient facts to indicate that the conditions of his confinement may violate Eighth Amendment standards, the complaint suffers from several flaws. It thus does not survive § 1915A review, and the action shall be dismissed.

First, Plaintiff's complaint invokes both 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1, p. 1). However, the FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. Therefore, all FTCA claims must be dismissed with prejudice.

Second, the only named Defendant, "Vienna Correctional Center," is not an entity subject to being sued in a civil rights claim. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Likewise, the Vienna Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will*, 491 U.S. at 71. While the warden of the prison would be a proper defendant to answer claims regarding the

conditions of confinement, *see Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001), and this defect can be easily cured, there is one more impediment to this action proceeding.

Under the Prison Litigation Reform Act, exhaustion of available administrative remedies is a precondition to bringing suit. 42 U.S.C. § 1997e(a); *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004). However, the complaint unequivocally states that Plaintiff did not even attempt to utilize the prisoner grievance procedure before filing this action, "Because they are not the court" (Doc. 1, p. 4). Although administrative procedures are distinct from the judicial system, § 1997e(a) must still be satisfied. "[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts . . . . Allegations in a complaint are binding admissions . . . and admissions can of course admit the admitter to the exit from the federal courthouse." *Jackson v. Marion Cnty.*, 66 F.3d 151, 153-54 (7th Cir. 1995). *See also Lekas v. Briley*, 405 F.3d 602, 613-14 (7th Cir. 2005); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). Plaintiff's statement that he failed to use the prison grievance procedure is a clear admission that this action was prematurely filed. It therefore shall be dismissed, albeit without prejudice. If and when the exhaustion requirement is satisfied, Plaintiff can file a new action.

**Pending Motion**

Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2), and has submitted an affidavit stating that he has no employment, has received no income for the last twelve months, and has no assets or cash on hand. However, he has not tendered a certified copy of his inmate trust fund account statement. The Court has requested a trust fund statement for the six-month period immediately preceding the filing of this case from the Vienna Correctional Center (Doc. 4), but to date has not received information sufficient to determine the amount of

...

Plaintiff's initial partial payment. Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to grant his motion to proceed IFP in this case without full prepayment of the fee. At such time as the Court receives from the institution's Trust Fund Officer the certified copy of Plaintiff's trust fund account statement as requested, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward this payment to the Clerk of Court. The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full. To conclude, Plaintiff's motion to proceed IFP in this case (Doc. 2) is **GRANTED**. The Clerk of Court is directed to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Vienna.

**Disposition**

**IT IS HEREBY ORDERED** that all Federal Tort Claim Act claims are **DISMISSED** with prejudice. Defendant **VIENNA CORRECTIONAL CENTER** is **DISMISSED** with prejudice. This action is **DISMISSED** without prejudice pursuant to 29 U.S.C. § 1997e(a).

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Further, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455.00

appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be without merit, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

       The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

       **IT IS SO ORDERED.**

       DATED:  September 24, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge